## Union Station Trust Co. *v.* Bostick.

(Division A. Nov. 5, 1923. On Suggestion of Error, Dec. 17, 1923.)

[98 So. 105.  No. 23522.]

1. Bills and Notes. *Burden on maker to overcome presumption that undated indorsement of negotiable note made before maturity.*
   Under section 45, chapter 244, Laws of 1916 (Hemingway's Code,

section 2623), of the Uniform Negotiable Instruments Act, an indorsement of a negotiable note without date is deemed *prima facie* to have been effected before maturity, and if the maker stands on the defense of indorsement after maturity the burden is on him to show it.

2. BILLS AND NOTES. *Payment before maturity binding only on party receiving payment and privies; duty of maker to require production before making payments; "payment in due course."*

Under section 88, chapter 244, Laws 1916, of the Uniform Negotiable Instruments Act, payment in due course of a negotiable note is payment made at or after maturity to the holder in good faith without notice that his title is defective. Payment before maturity is a defense which binds only the party receiving payment and those who stand in his shoes. It is the duty of the maker of a note to require its production before making pay-

APPEAL from circuit court of Jasper county.

HON. W. L. CRANFORD, Judge.

Action by the Union Station Trust Company against J. H. Bostick. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

*W. S. Welch,* for appellant.

The note was payable in the state of Missouri and therefore the laws of Missouri govern. *Coffman* v. *Bank,* 41 Miss. 212. Under the statutes of Mississippi, our courts of course take judicial notice of the laws of Missouri and the court knows judicially that Missouri has adopted the Uniform Negotiable Instruments Acts, which is chapter 244 of the Laws of Mississippi of 1916.

The plaintiff is a holder as defined in section 119 of the Act, the plaintiff having possession of the note. The Uniform Negotiable Instruments Act herein cited is simply declaratory of the law merchant, which was in effect in Missouri and most of the other states before the adoption of the Uniform Negotiable Instruments Act.

From "Bills and Notes," 8th Corpus Juris, section 1060, I quote as follows: "A plea of payment or satisfaction is

of course a good defense between the original parties to a note, or between parties having only their rights; but since it is the duty of a party paying a note or making a partial payment thereon to take up the paper or have the payment made indorsed thereon, it follows that a defense of payment, when these precautions have not been observed, cannot be urged as against a *bona-fide* holder. So a payment to the original payee of a note who had no authority from the transferee to accept payment and did not have possession of the note is no defense against the transferee, although he' acquired the note after maturity."

No brief for appellee filed with court.

ANDERSON, J., delivered the opinion of the court.

Appellant, Union Station Trust Company, a banking corporation under the laws of the state of Missouri, domiciled at St. Louis in said state, sued appellee, J. H. Bostick, in the circuit court of Jasper county upon a promissory note alleged to have been executed by the latter to Howell & Co., from whom appellee had become the holder in due course before maturity. After the close of the evidence, the court directed a verdict for appellee, and refused the request of the appellant to direct a verdict for it. A judgment was accordingly entered upon said verdict, from which appellant prosecutes this appeal.

Appellant made the following case by its declaration. On the 10th of September, 1920, appellant executed and delivered to Howell & Co., of St. Louis, Mo., his promissory note as follows:

"$2000.00. Bay Springs, Miss., Sept. 10, 1920.

"Ninety days after date I promise to pay to the order of Howell & Company Two Thousand and no/100 dollars for value received, negotiable and payable without defalcation or discount, with interest at the rate of seven per cent. per annum from date, payable at St. Louis, Missouri.

"[Signed] J. H. BOSTICK."

Said note was indorsed on its back without a date as follows:

"Howell & Company, by George H. Howell."

Before maturity appellant purchased said note in due course of business, paying value therefor without notice of any defense thereto. Appellee refused payment, and suit was brought.

To this declaration appellee interposed three pleas: (1) Admitting the execution of the note sued on, and averring that before maturity appellee had fully paid off and discharged said note, both principal and interest, to the payee, Howell & Co.; (2) averring that appellee had no notice of any kind or character whatever prior to its payment by him of said note of the alleged transfer and assignment thereof to appellant; (3) setting out that said note had been transferred and assigned by the original payee therein, Howell & Co., to appellant at a time subsequent to the maturity thereof, namely, subsequent to December 10, 1920.

Appellant demurred to the pleas 1 and 2 on the ground that they presented no defense, which demurrer the court overruled. Thereupon by consent of the parties said pleas were to be treated in the trial as at issue.

Upon the trial appellant introduced the note sued on, including the indorsement on its back, and rested. Appellee, who was the only witness offered in his behalf, testified that before the maturity of said note he had fully paid off and discharged same, making such payment to the payees therein, Howell & Co., who, although failing to produce said note when said payments were made, stated at the time of the making of each of them that they, Howell & Co., were still the owners and holders of said note, and that, when the final payment was made upon appellee demanding the surrender and cancellation of the note, said payees, Howell Co., still claimed to own and have the custody of the note, and agreed to surrender and cancel the same as soon as they could get it from their office.

All of appellee's evidence was objected to by appellant, whose objection was overruled by the court.

Appellant contends that it made a case for a directed verdict simply by the introduction of the note sued on and the blank indorsement of the payees therein without date on its back; that such blank indorsement carried with it, in the absence of evidence to the contrary, the presumption that appellant was the purchaser of said note for value in due course before maturity without notice of any defense thereto.

On the other hand, appellee contends, and the trial court adopted that view, that he showed a perfect defense to said note by showing its payment before maturity made on the faith of statements of the payees therein, Howell & Co., that they were still the owners and holders of said note when such payments were made; that appellee had the right to rely on such representations without demanding the production of the note.

The questions involved are solvable by certain provisions of the Uniform Negotiable Instruments Act, which act is in force in this state, where the note in question was executed (chapter 244, Laws 1916 [Hemingway's Code, chapter 50, sections 2579 to 2774, inclusive]), and also in the state of Missouri, where it was made payable (1 Rev. Stat. Mo. 1919, chapter 7, sections 787 to 996, inclusive). Section 45, chapter 244, Laws 1916 (Hemingway's Code, section 2623; 1 Rev. Stat. Mo. 1919, section 831), is in this language:

"Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed *prima facie* to have been effected before the instrument was overdue."

This section of the act simply provides in plain language that an indorsement without date is deemed *prima facie* to have been effected before maturity. It merely declares the common-law rule. If the defendant stands on the defense of indorsement after maturity, the burden is on him

to show it. Crawford's Ann. Negotiable Instruments Law (4th Ed.), section 45, p. 86, and notes. We hold, therefore, that appellant made out its case by introducing in evidence the note alone.

Was this *prima-facie* case overcome by the fact that appellee discharged said note before maturity without notice that it had been transferred to appellant. Section 88, chapter, 244, Laws 1916 (Hemingway's Code, section 2666; 1 Rev. Stat. Mo. 1919, section 874), is in this language:

"Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective."

It will be observed that payment in due course is defined as payment made at or after maturity to the holder in good faith without notice that his title is defective. Payment before maturity is a defense which binds only the party receiving payment and those who stand in his shoes. It is the duty of the maker of a note to require its production before making payments thereon, and if he fails to do so he pays at his risk. The note itself is the only evidence the maker has the right to rely upon. He has the right to refuse payment until actual presentation. *Coffman* v. *Bank of Ky.*, 41 Miss. 212, 90 Am. Dec. 371; Crawford's Ann. Negotiable Instruments Law (4th Ed.), section 88, pp. 162 and 163, and notes; 8 Corpus Juris, section 1060, pp. 801, 802.

It follows from these views that the evidence introduced on behalf of appellee was no defense to the case made by appellant and therefore the trial court should have directed a verdict for the appellant instead of the appellee. But instead of entering judgment here for appellant we reverse and send the case back for another trial. We do this because on another trial appellee may be able to show that appellant acquired the note after maturity, or other defense not brought out in the trial through misapprehension by court and counsel of his legal rights.

*Reversed and remanded.*

## ON SUGGESTION OF ERROR.

The suggestion of error is sustained, and judgment awarded here for appellant.   Upon reconsideration it appears that appellee had full opportunity in the trial court to develop whatever defense he may have had.   He showed no defense, and under the practice of this court appellant is entitled to a final judgment.

*Sustained, and judgment for appellant.*